IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT  DIVISION

| | | |
|---|---|---|
| Erivelto Ferreira, | ) | CIVIL ACTION NO. 9:13-2025-SB-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| HHB&T Convention Center Inc., d/b/a | ) | |
| Hilton Head Island Beach & Tennis Resort, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, who identifies himself as an African-American Brazilian, alleging that the Defendant discriminated against him on the basis of his race and also due to his marital status (Plaintiff alleges he is married to a white woman).  Plaintiff alleges that the Defendant's conduct violated his rights under 42 U.S.C. § 1981 (First Cause of Action).  Plaintiff further alleges that the Defendant's conduct violated the public policy of South Carolina (Second Cause of Action), that the Defendant interfered with his contractual relationships (Third Cause of Action), that the Defendant is guilty of negligent misrepresentation (Fourth Cause of Action), and that the Defendant violated his right of free association (Fifth Cause of Action).

The Defendant has filed a motion to dismiss pursuant to 12(b)(6), Fed.R.Civ.P., seeking dismissal of Plaintiff's causes of action for interference with contractual relations, violation of public policy, and violation of right of free association.  When considering whether dismissal pursuant to Rule 12(b) is warranted, the Court is required to accept the allegations in the pleading

1



as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In his response brief, Plaintiff agrees to the dismissal of his public policy and right of free association causes of action, but argues he has pled sufficient facts to proceed with his claim for interference with contractual relations.

In order to set forth a claim for tortious interference with contract under South Carolina law, Plaintiff must allege facts to show 1) the existence of a valid contract; 2) the other party's knowledge thereof; 3) the other party's intentional procurement of the breach of the contract; 4) the absence of justification; and 5) resulting damages. Camp v. Springs Mortgage Corporation, 426 S.E.2d 304, 305 (S.C.Ct.App. 1993); BCD, LLC v. BMW Mfgs. Co., LLC, No. 05-2152, 2008 WL 304878, at * 16 (D.S.C. Jan. 31, 2008); Self v. Norfolk Southern Corp., Nos. 06-1730, 06-2104, 2007 WL 540373 at * 4 (D.S.C. Feb. 15, 2007).[1] In its brief, Defendant argues that Plaintiff has failed to set forth sufficient factual allegations to establish the existence of any valid contracts, and has also failed to sufficiently allege that the Defendant interfered with or caused the breach of any such contracts. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; see also Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976) ["[W]here the claims in a complaint are insufficiently

---

[1]In his brief, Plaintiff also discusses the elements for a cause of action for intentional interference with prospective contractual relations. See Plaintiff's Brief, pp. 6-8. Cf. Crandall Corporation v. Navistar International Transportation Corp., 395 S.E.2d 179, 180 (S.C. 1990). However, that is not the claim Plaintiff asserts in his Third Cause of Action. See Complaint, pp. 39-42.



supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

With respect to the existence of a valid contract or contracts, Plaintiff alleges that sometime after July 2011 he opened a construction company called Porch Pros, LLC.  Plaintiff alleges that, prior to that time, he was the co-owner of another home construction company named Porchmasters, LLC, which "had contracts with the residents who owned units at the Defendant's place of business".[2]  Plaintiff alleges that after he opened his new business, he "continued to obtain contracts for residents living at the Defendant's premises".  <u>Complaint</u>, ¶ ¶ 7-8, 11-12, 14. Defendant argues that these factual allegations fail to sufficiently allege the existence of a valid contract; however, Plaintiff does also specifically allege that on or about November 12, 2011 he was working on a particular unit in the resort, getting the unit ready for construction once the permits he had applied for were issued by the City, but that when he attempted to return to the unit on December 16, 2011, the Defendant's security guard stopped him at the front gate and would not let him enter without an escort, and that the Defendant then issued a "stop work order" without notifying either the Plaintiff or the unit's owner to prevent him from doing any further work on the unit.  <u>Complaint</u>, ¶ ¶ 21-25.  While the particular unit number is not identified in the Complaint, the undersigned finds that these factual allegations allege that Plaintiff had a valid contract to perform work on that particular unit sufficient to survive a Rule 12 motion to dismiss.  <u>Brooks v. Ross</u>, 578 F.3d 574, 581 (7th Cir. 2009)[requirement is that Plaintiff's allegations provide sufficient notice to defendants of the plaintiff's claim]; <u>Twombly</u>, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough

---

[2]The Defendant is alleged to be a resort on Hilton Head Island.  The "residents" are alleged to be homeowners living in the resort.  <u>Complaint</u>, ¶ ¶ 4, 8.



to raise a right to relief above the speculative level]; see also Austen v. Catterrion Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010) [Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]].

With respect to whether Plaintiff has sufficiently pled the Defendant's intentional procurement of the breach of a contract, Plaintiff alleges that 1) he had contracts to do work for residents living within the resort, 2) that he was working on a particular unit in November and December 2011 when he was prevented by the Defendant from continuing his work on that unit by not being allowed to come onto the property without an escort and being issued a stop work order by the Defendant without either Plaintiff or the unit owner being notified, 3) that the Defendant ultimately would not even allow the Plaintiff to be on the premises causing a loss of business, 4) that the Defendant knew that he had contracts with the residents living within the resort to perform renovation and construction work, 5) that the Defendant's interference with these contracts and his ability to work caused his business to suffer, and 6) he suffered monetary damages resulting from the breach of these contracts and subsequent expenses associated therewith. See generally, Complaint, ¶ ¶ 14-15, 21-25, 27-28, 40-41. These allegations sufficiently set forth a claim that the Defendant intentionally procured the breach of a contract involving the Plaintiff to survive a Rule 12 motion to dismiss. Vogt v. Greenmarine Holding, LLC, 318 F.Supp.2d 136, 144 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"].



Therefore, the Defendant is not entitled to dismissal of Plaintiff's interference with contract claim at this time. <u>Wolman v. Tose</u>, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."].

### <u>Conclusion</u>

Pursuant to agreement of the parties, Plaintiff's claims for violation of public policy (Second Cause of Action) and violation of the right of free association (Fifth Cause of Action) should be **dismissed**, with prejudice. With respect to Plaintiff's claim for interference with a contractual relationship (Third Cause of Action), it is recommended that the Defendant's motion to dismiss be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 14, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

