IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

USDC, CLERK, CHARLESTON, SC
RECEIVED
2014 FEB -4 P 12: 15

Erivelto Ferreira, )
)
          Plaintiff, )
)
v. )   Civil Action No. 9:13-2025-SB
)
HHB&T Convention Center Inc., d/b/a )
Hilton Head Island Beach & Tennis )   **ORDER**
Resort, )
)
          Defendant. )
_____)



This matter is before the Court upon the Plaintiff's pro se complaint, wherein he alleges that the Defendant discriminated against him based on his race (African-American-Brazilian) and based on his marital status (the Plaintiff alleges that he is married to a white woman). The Plaintiff alleges that the Defendant violated his rights under 42 U.S.C. § 1981 (first cause of action) and that the Defendant's conduct violated the public policy of South Carolina (second cause of action) and interfered with his contractual relationships (third cause of action). In addition, the Plaintiff alleges that the Defendant is guilty of negligent misrepresentation (fourth cause of action) and that the Defendant violated his right of free association (fifth cause of action). The Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of the Plaintiff's second, third, and fifth causes of action.

On January 14, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), recommending that the Court dismiss with prejudice the Plaintiff's claims for violation of public policy (second cause of action) and violation of free association (fifth

cause of action) based on the agreement of the parties. With respect to the Plaintiff's claim for interference with a contractual relationship (third cause of action), however, the Magistrate Judge recommended that the Court deny the Defendant's motion. Attached to the R&R was a notice advising the parties of the right to file specific, written objections to the R&R within fourteen days of the date of service of the R&R. To date, no objections have been filed.

In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby adopts the R&R (Entry 18) and dismisses with prejudice the Plaintiff's second and fifth causes of action (for violation of public policy and the right of free association, respectively) pursuant to the agreement of the parties. However, the Court denies the Defendant's motion to dismiss (Entry 9) with respect to the Plaintiff's third cause of action (for interference with a contractual relationship).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February __3__, 2014
Charleston, South Carolina

2